988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George GAYDOS, Defendant-Appellant.
 No. 91-10209.
 United States Court of Appeals, Ninth, Circuit.
 Argued and Submitted Dec. 18, 1992.
Decided March 11, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-88-20011, David A. Ezra, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 MEMORANDUM*
 Before WILLIAM A. NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 
 
 1
 George Gaydos appeals his guilty plea conviction and sentence under the Sentencing Guidelines for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 I. Facts
 
 2
 In the course of their investigation of appellant Gaydos' alleged cocaine and methamphetamine processing and distribution activity, DEA agents and informants purchased cocaine on two separate occasions in 1987. In January 1988, a confidential informant began negotiating with Gaydos and his codefendants for the purchase of a coca conversion laboratory. Gaydos met with an undercover agent and a confidential informant on February 10, 1988 to negotiate the purchase of the lab as well as five kilograms of cocaine. During subsequent talks, a sale of three kilograms of cocaine was arranged. On February 23, 1988, Gaydos met with an undercover DEA agent at the San Jose International Airport and gave the agent a package which Gaydos identified as containing cocaine. Gaydos was then arrested. The cocaine seized had a net weight of 2.98 kilograms.
 
 
 3
 When DEA agents executed a search warrant on the laboratory site, they found, among other things, twenty 55-gallon cans of ether. DEA chemists estimated that 220 kilograms of cocaine could be processed with that amount of ether. This corresponded to codefendant Chesleigh's statements to Gaydos in the course of the investigation, estimating that the laboratory had produced 186 to 200 kilograms of cocaine between the winter of 1986 and January 1988.
 
 
 4
 Gaydos was indicted on two counts: conspiracy to manufacture and sell cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute three kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). He pleaded guilty to the latter count pursuant to a plea agreement with the government. In exchange, the government agreed to dismiss the conspiracy charge and recommend a sentence at the low end of the applicable Sentencing Guidelines range. Although Gaydos did not promise to cooperate, the government also agreed to provide the district court with a report "detailing the nature, value, timeliness and extent of defendant's cooperation."
 
 
 5
 On April 8, 1991, the district court held a sentencing hearing. After considering arguments by both defense counsel and the government, the court sentenced Gaydos to 186 months in custody, followed by a four year term of supervised release. Gaydos appeals his guilty plea conviction and sentence under the Sentencing Guidelines. He claims that (1) he received ineffective assistance of counsel, (2) the government breached the plea agreement, (3) the district court calculated his criminal history improperly, (4) the district court failed to give its reasons for imposing the 186-month sentence, and (5) his involvement in activities related to the conversion laboratory was improperly considered in sentencing.
 
 
 6
 II. Ineffective Assistance of Counsel.
 
 
 7
 In general, we do not review ineffective assistance of counsel claims on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). "Such an issue is more appropriately reserved for habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed." Id. Although habeas corpus proceedings are preferred, we reach the merits in this exceptional case because the deficiencies asserted by Gaydos, even if all accurate, are insufficient to support a finding of ineffective assistance of counsel, and no further development of the record in collateral proceedings is necessary.
 
 
 8
 "Whether a defendant received ineffective assistance of counsel is a legal question reviewed de novo." United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). To show that he has received ineffective assistance of counsel, Gaydos must show: (1) his counsel's actions were "outside the wide range of professionally competent assistance," and (2) that he was prejudiced by reason of counsel's actions. Strickland v. Washington, 466 U.S. 668, 687-90 (1984). To meet the first part of this test, a "defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " United States v. Bosch, 914 F.2d 1239, 1244 (9th Cir.1990) (quoting Strickland, 466 U.S. at 689).
 
 
 9
 The evidence presented by Gaydos to support his ineffective assistance of counsel claim does not show that his attorney failed to provide professionally competent assistance. Gaydos claims that his counsel's actions were constitutionally deficient because his attorney failed to bring as many motions as codefendants' counsel, object to the government's hesitant recommendation for a low end sentence, and challenge the use of his prior state conviction in the criminal history calculation. In addition, he received a longer sentence than his codefendants despite his alleged "lower culpability." The different sentences may be probative on the issue of prejudice, but they are not relevant to the question of whether counsel's actions were competent. Gaydos' heavier sentence can be explained by the fact that he had some unfavorable factors his codefendants did not have: Gaydos was a convicted felon; he had twice traded cocaine for other items during the course of the investigation leading to his arrest; and he was the defendant who personally distributed three kilograms of cocaine. Effectiveness of counsel is not determined by the number of motions filed, and there is no evidence that Gaydos' lawyer failed to raise any motions that would have made a difference in the outcome. Gaydos' codefendants both pleaded guilty pursuant to plea agreements, as did he.
 
 
 10
 Gaydos' counsel's decision not to object to the government's hesitant recommendation for a low end sentence was also sound strategy. Since a defendant is entitled to no more than what he bargained for in the plea agreement, United States v. Benchimol, 471 U.S. 453 (1985), asserting a government breach probably would have accomplished nothing except to risk losing the entire deal.
 
 
 11
 Counsel's decision not to object to the use of Gaydos' prior state conviction in the calculation of his criminal history category did not amount to ineffective assistance of counsel. There was no evidence that the prior conviction had been "totally stayed" or dismissed as Gaydos initially claimed. The decision not to raise the issue at sentencing avoided drawing attention to the unsubstantiated nature of Gaydos' claim. Since there was no evidence to support a claim that Gaydos' criminal history category overrepresented the seriousness of such history, his counsel's decision not to challenge the use of the prior conviction was appropriate. When evaluated in the context of the proceedings, all of counsel's actions could be considered sound trial strategy, and thus Gaydos failed to meet the first prong of the Strickland test. See United States v. Bosch, 914 F.2d 1239, 1244 (9th Cir.1990).
 
 
 12
 III. Failure to Raise Issues Below.
 
 
 13
 Issues not raised before the trial court generally cannot be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). We have recognized three narrow exceptions to this general rule: (1) when there are "exceptional circumstances" as to why the issue was not raised in the trial court, (2) when the issue arises while appeal is pending because of a change in the law, or (3) when the issue is purely one of law, the pertinent record has been fully developed, and the opposing party will not be prejudiced by the failure to raise the issue below. Id. "Further exception may be made when plain error has occurred and an injustice might otherwise result." Id.
 
 
 14
 Gaydos did not raise his claim that the government breached the plea agreement before the district court. We hold that none of the exceptions to the general rule apply, and Gaydos may not raise this issue for the first time on appeal.
 
 
 15
 Gaydos also failed to challenge the district court's calculation of his criminal history below. The court adopted the findings of the presentence report without objection from the defense. The report explained that Gaydos' 1979 conviction was not reduced to a misdemeanor or expunged, and that defendant received one year imprisonment plus four years probation. Although his sentence was stayed "until October 27, 1979," the presentence report did not find that the conviction was "totally stayed," as required to reduce the criminal history points under Guideline § 4A1.3(a)(3). Gaydos did not challenge these findings below. Since none of the exceptions apply, he may not now raise this issue for the first time.
 
 
 16
 IV. District Court's Reasons for Sentence Given.
 
 
 17
 Gaydos asserts that the district court failed to provide adequate reasons for sentencing him in the middle of the Sentencing Guideline range rather than at the low end, as requested by the parties. We review de novo the question of whether the sentencing court failed to state its reasons for imposing a particular sentence. United States v. Upshaw, 918 F.2d 789, 792 (9th Cir.1990), cert. denied, 113 L.Ed.2d 266 (1991).
 
 
 18
 A district court must provide its reasons for choosing a particular sentence within the Sentencing Guidelines range if the range is wider than 24 months. 18 U.S.C. § 3553(c). The court must discuss the factors it relied on, such as "individual considerations of background, character, and conduct, as well as the systemic goals of deterrence, rehabilitation, and consistency in sentencing." Upshaw, 918 F.2d at 792. Here, the district court adopted the findings of the presentence report. The report provides sufficient reason to accept the range itself, but the court must also give reasons for a particular sentence within the range. The district judge explicitly relied on the extent of Gaydos' cooperation, the magnitude of his involvement in the crime, the substantial nature of the crime, and his past criminal history. The court's explanation of why a mid-range sentence was imposed was sufficient to meet its obligations under § 3553(c).
 
 
 19
 V. Sentence Adjustment For Other Relevant Conduct.
 
 
 20
 Gaydos claims that the district court erred by considering the over 180 kilograms of coke that the processing laboratory could or did produce as "relevant conduct" in determining the appropriate offense level under the Sentencing Guidelines. "Whether conduct extraneous to an offense of conviction is part of the same 'course of conduct' or 'common scheme or plan' as the offense of conviction so as to be considered 'relevant conduct' within the meaning of Guidelines [sic] § 1B1.3(a)(2), is reviewed for clear error." United States v. Hahn, 960 F.2d 903, 907 (9th Cir.1992). The factual findings at issue here are not disputed by Gaydos. Instead, Gaydos claims that the conduct related to the dismissed conspiracy count may not be considered for sentencing purposes on the possession count, to which he pleaded guilty. This argument is foreclosed by this court's decision in United States v. Fine, 975 F.2d 596, 600 (9th Cir.1992) (en banc). Thus, the offense level adjustment was proper. The conviction and sentence are
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3