FILED

**NOT FOR PUBLICATION**

DEC 03 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10514 |
| Plaintiff - Appellee, | D.C. No. CR-08-01119-PJH |
| v. | MEMORANDUM[*] |
| ARSENIO HUQUERIZA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 3, 2009[**]
San Francisco, California

Before: GOODWIN and W. FLETCHER, Circuit Judges, and MILLS,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without
oral argument pursuant to Federal Rules of Appellate Procedure 34(a)(2).

[***] The Honorable Richard Mills, United States District Judge for
the Central District of Illinois, sitting by designation.

Arsenio Huqueriza appeals the 63-month sentence that the district court imposed following his guilty plea to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Huqueriza claims that the prosecutor committed misconduct by engaging in an improper ex parte communication. He also alleges that his due process rights were violated when the judge viewed the images without granting him a hearing. Huqueriza further asserts that counsel's performance was deficient for failing to raise these issues at his sentencing hearing. We affirm.

I.

Because the issue of prosecutorial misconduct is raised for the first time on appeal, it is reviewed for plain error. *See United States v. Tarazon*, 989 F.2d 1045, 1051 (9th Cir. 1993). Huqueriza argues that the prosecutor engaged in an improper ex parte communication by encouraging the district judge to view the images before imposing sentence. The record establishes that defense counsel was listed on the "cc" line of the letter to the judge. The letter was dated October 27, 2008, and received by counsel no later than October 30. There was, at most, a slight delay in the transmission of the letter to counsel. Even if this had been prosecutorial misconduct (a question we do not reach), it was harmless. It is clear from the record that the district judge did not view the images until after defense counsel received the letter, and, in any event, there is no evidence that viewing the images had any particular

2

effect on Huqueriza's sentence. In fact, Huqueriza received a sentence lower than that recommended in the pre-sentence report to which no one objected. Considering all of this, Huqueriza cannot show prejudice.

## II.

Huqueriza next contends that he was deprived of due process when he was not afforded an opportunity to be heard on whether the judge would view the images that Huqueriza admitted possessing. A decision by a district court to grant or deny an evidentiary hearing is normally reviewed for abuse of discretion. *See Estrada v. Scribner*, 512 F.3d 1227, 1235 (9th Cir. 2008). The images in question appear to be part of "the nature and circumstances of the offense" that the judge may consider in sentencing, pursuant to 18 U.S.C. § 3553(a)(1). Accordingly, the district court did not abuse its discretion.

## III.

Huqueriza next contends that he received ineffective assistance of counsel when no objection was raised to the viewing of the evidence at sentencing. We generally do not review claims of ineffective assistance of counsel on direct appeal. *See United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005). However, ineffective assistance claims can be considered on direct appeal if the factual record is sufficiently developed; such claims are reviewed *de novo*. *United States v. Nickerson*, 556 F.3d

1014, 1018 (9th Cir. 2009).

In order to show ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We are unable to conclude that defense counsel's performance was deficient. Counsel filed a lengthy sentencing memorandum, wherein he identified mitigating factors and argued that a probationary sentence was appropriate. Counsel arranged for Huqueriza and several members of Huqueriza's family to speak on his behalf. Although counsel did not raise prosecutorial misconduct and due process claims at the sentencing hearing, those claims would have been without merit for the reasons already noted.

The second prong also cannot be met. Even if counsel had raised the claims, the court likely would have viewed the evidence anyway, as it was entitled to do. Based on her own statements, the judge likely would have imposed the same sentence of 63 months imprisonment, which was nearly three years below the bottom of the applicable Sentencing Guidelines range. Accordingly, Huqueriza would not be able to show that he was prejudiced by any deficiency.

**AFFIRMED.**