**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10401 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-784-PHX-FJM |
| v. | MEMORANDUM[*] |
| JUAN VICTOR MUNOZ, | |
| Defendant- Appellant. | |

Appeal from the United States District Court
for the District Court for Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted October 11, 2011
San Francisco, California

Before: WALLACE and THOMAS, Circuit Judges, and ALBRITTON, Senior
District Judge.[**]

Juan Munoz ("Munoz") appeals his jury conviction and 180 month sentence

for conspiracy to possess with intent to distribute 500 grams or more of cocaine, in

violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(ii); possession of a

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable William H. Albritton, III, Senior District Judge for the
U.S. District Court for Middle Alabama, sitting by designation.

firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924 (c); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).

Munoz argues that the district court should have ordered specific performance of his plea agreement, the district court erred in giving an aiding and abetting jury instruction which Munoz contends allowed the jury to find Munoz guilty of possession of a firearm even if the government failed to show that Munoz committed or aided and abetted the offense, and the district court erred in failing to find sentencing entrapment. Because the history and facts of the case are familiar to the parties, we need not recount them here.

Munoz relies on principles of contract law to argue that he entered into a valid plea agreement with the government which should have been enforced by the district court. Munoz contends that the plea agreement, although not accepted by the district court, must be enforced under an exception to the general rule that "neither the defendant nor the government is bound by a plea agreement until it is approved by the court." *United States v. Savage*, 978 F.2d 1136, 1138 (9th Cir. 1992).

We review *de novo* whether the district court is required to enforce a plea agreement. *United States v. Fagan*, 996 F.2d 1009, 1013 (9th Cir. 1992). Munoz

argues that specific enforcement is available because he detrimentally relied on the plea agreement. *See Savage*, 978 F.2d at 1138. Munoz has not established detrimental reliance. Munoz did not plead guilty, but instead proceeded to trial, and there is no evidence in the record that Munoz provided information or any other benefit to the government based on the plea agreement. *See id.*

We also reject Munoz's challenge to the aiding and abetting jury charge in this case. Generally, in reviewing jury charges, we consider whether the instructions as a whole are misleading or inadequate to guide the jury's deliberations. *See United States v. Chang Da Liu*, 538 F.3d 1078, 1088 (9th Cir. 2008). Because Munoz did not object at trial to the jury charge he now challenges, we review the instruction for plain error. *United States v. Alghazouli*, 517 F.3d 1179, 1188 (9th Cir.), *cert. denied*, _ U.S. _, 129 S. Ct. 237 (2008). A finding of plain error requires a defendant to show (1) that there was error, (2) that the error was plain, and (3) that the error affected his substantial rights. *Id.* Even if all three elements are shown, a conviction should be reversed "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

The jury in this case was instructed that it could find the defendant guilty of the crime of possession of a firearm in furtherance of a drug trafficking offense

even if the defendant did not personally commit the acts constituting the crime, if a person possessed firearms in furtherance of the crime of possession with intent to distribute cocaine, and the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit possession of a firearm in furtherance of a drug-trafficking crime. Therefore, when taken in the context of the entire charge, there was no plain error in the aiding and abetting charge challenged by Munoz.

Finally, we reject Munoz's argument based on sentencing entrapment.

We review *de novo* a district court's interpretation and application of the Sentencing Guidelines, and review sentencing phase factual findings for clear error. *United States v. Naranjo*, 52 F.3d 245, 248 (9th Cir. 1995).

To establish sentencing entrapment, a defendant must prove that he had neither the intent nor the resources to complete the transaction for the amount involved. *See Naranjo*, 52 F.3d at 250 & n.13.

During the sentencing hearing, the district court found, based on Munoz's role in the offense and criminal history, that Munoz had the intent to commit the offense in the amount involved. There is no clear error in that factual finding. The district court's rejection of sentencing entrapment was, therefore, a correct application of the advisory Sentencing Guidelines.

Accordingly, the district court's denial of specific performance of the plea agreement, and Munoz's conviction and sentence are **AFFIRMED**.

Appellant's motion to strike Rule 28 (j) Letter is denied as moot.