NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS PULLIAM, | No. 09-55312 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01194- GAF-MAN |
| v. | |
| DOMINGO URIBE, Jr., Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted October 12, 2011[**]
Pasadena, California

Before: FERNANDEZ and CALLAHAN, Circuit Judges, and ERICKSON, Chief
District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ralph R. Erickson, Chief District Judge for the U.S. District Court for North Dakota, Fargo, sitting by designation.

Petitioner Marcus Pulliam appeals from the district court's rulings denying his writ of habeas corpus and denying a certificate of appealability. Pulliam was originally convicted in California state court for the murders of Clifton and Raymond Jones. Pulliam's federal habeas corpus petition was filed after he had exhausted his direct state appeals, and the California Supreme Court denied his petition for habeas relief under state law. We granted Pulliam's Request for a Certificate of Appealability on a single issue: Whether counsel was ineffective for failing to present readily available evidence showing that the key prosecution witness lied about actually seeing the shooting and also tampered with the crime scene before the police arrived. We affirm, and further hold that the district court did not abuse its discretion in refusing to hold an evidentiary hearing.[1]

We review the district court's denial of a writ of habeas corpus *de novo*. *Cheney v. Washington*, 614 F3d 987, 993 (9th Cir 2010). Under 28 U.S.C. § 2254(d), the availability of federal habeas relief is limited with respect to claims previously adjudicated on the merits in state court proceedings, even when state habeas relief was denied without an accompanying statement of reasons. *Harrington v. Richter*, 131 S. Ct. 770, 781 (2011). The state court determination that a habeas claim lacks merit must stand so long as "fairminded jurists could

---

[1]    Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

disagree on the correctness of the state court's decision." *Id.* at 786. The rule in

*Richter* is combined with the traditional ineffective assistance of counsel test under

*Strickland v. Washington*, 466 U.S. 668 (1984), to establish the three elements a

state prisoner must meet to prevail on a federal § 2254 claim:

(1)    the assistance of his lawyer was deficient;

(2)    he has suffered prejudice by the deficiency; and

(3)    the state court in denying the state habeas clam could not have reasonably concluded that counsel did not fail to provide adequate representation.

*See Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

We acknowledge that Trisha Tillman's credibility is legitimately questioned

in light of the multiple versions of her eyewitness account that she provided to law

enforcement and the courts during the investigation and trial. Nevertheless, the

decision to use Tillman's testimony for support, rather than attempt to impeach her

credibility, is a classic trial tactics decision that we cannot condemn through the

benefit of hindsight. "Strategic choices made after thorough investigation of law

and facts relevant to plausible options are virtually unchallengeable." *Knowles v.*

*Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009). Challenges to counsel's

decisions regarding whether to call other witnesses were also similarly tactical in

nature, or are irrelevant because the witnesses were not available to be called as they could not be located. The first prong of the *Strickland* test cannot be satisfied, and necessarily, the second prong must fail as well.  Accordingly, the California Supreme Court did not act unreasonably in denying Pulliam's writ of habeas corpus.

We also hold that the district court did not abuse its discretion in denying an evidentiary hearing in this matter.  Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  *Cullen v. Pinholster*, 131 S.Ct.1388, 1402 (2011).  Pulliam has made no showing that his claims rest on any facts that were unknown or undeveloped in the state record, so an additional hearing was unnecessary.

The district court properly denied Pulliam's writ of habeas corpus.

**AFFIRMED.**