**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50129 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-08-610-TJH-1 |
| v. | |
| STEVAN P. TODOROVIC, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted October 10, 2012
Pasadena, California

Before: PREGERSON and W. FLETCHER, Circuit Judges, and BENNETT,

District Judge.[**]

Stevan P. Todorovic appeals his conviction by a jury on seven counts of

wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and three counts of mail fraud,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

in violation of 18 U.S.C. §§ 1341 and 2. These charges arose from Todorovic's operation of two telemarketing businesses, American Bartending Institute (ABI) and Consumer Response Group (CRG) (also described as "Shopping for Cash"). These businesses purportedly offered training materials, certification, and jobs or job placement in bartending or "mystery shopping," respectively, in the victim's locality for a fee charged to customers' credit cards or bank accounts, when the consumers called in response to advertisements in local newspapers. The government alleged that ABI and CRG were fraudulent schemes because the training materials and certifications were essentially worthless, ABI and CRG did not provide jobs, the job listings that they provided were drawn from businesses listed on the internet or in the yellow pages, ABI and CRG had no affiliation or contact with those businesses, and those businesses were not necessarily seeking applicants. Todorovic also appeals his sentence of 72 months of imprisonment, substantially below the bottom of his advisory guidelines sentencing range of 151 to 188 months of imprisonment.

We have jurisdiction over Todorovic's challenge to his conviction pursuant to 28 U.S.C. § 1291. We have carefully considered the district court's admission or refusal to admit each category of evidence that Todorovic challenges. Although we could quibble with some of the district court's evidentiary rulings, we are

satisfied that they did not amount to an abuse of discretion, *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (reviewing evidentiary rulings for abuse of discretion, where a timely objection was made), or plain error, *United States v. Orm Hieng*, 679 F.3d 1131, 1135 (9th Cir. 2012) (reviewing evidentiary rulings for plain error, where no timely objection was made).  We also conclude that, if those rulings were erroneous, any error was harmless in light of the circumstances of the case and the overwhelming evidence against Todorovic.  *United States v. Santini*, 656 F.3d 1075, 1077 (9th Cir. 2011) ("Harmless errors do not warrant reversal" (internal quotation marks and citations omitted)).  Certainly, no limitation on, exclusion of, or admission of any of the evidence in question denied Todorovic a meaningful opportunity to present his "good faith" defense, *United States v. Chi Mak*, 683 F.3d 1126, 1137 (9th Cir. 2012), and such a defense was destined to fail in the face of overwhelming evidence of Todorovic's fraud.  *See id.* at 1139.

Todorovic also challenges his conviction on the basis of several alleged errors in the jury instructions.  Again, we have carefully considered the district court's decision to give or not to give each of the instructions that Todorovic challenges, and its formulation of those instructions, and we find no error.  *Id.* at 1133 (reviewing de novo whether the district court's jury instructions misstated or omitted an element of the charged offense and whether they adequately covered the

3

defendant's theory of the case, and reviewing the district court's formulation of jury instructions for abuse of discretion).

Somewhat more specifically, we conclude that the challenged instructions that were actually given were legally correct and adequately supported by the evidence. *See id.* We have previously upheld a "reckless indifference" instruction like the one Todorovic challenges. *See United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004). The challenged "inferences" instruction was a proper *permissive* inferences instruction, *see United States v. Verduzco*, 373 F.3d 1022, 1032 n.5 (9th Cir. 2004), not an improper *compulsory* inferences instruction, *see United States v. Unruh*, 855 F.2d 1363, 1373 (9th Cir. 1987). Also, the evidence supported the "aiding and abetting" instruction that Todorovic challenges, *cf. United States v. Vela-Robles*, 397 F.3d 786, 789 (9th Cir. 2005) (holding that a trial court is not required to give a defendant's requested instruction that lacks a factual foundation), or any error in that instruction was harmless, *see Hedgpeth v. Pulido*, 555 U.S. 57, 58 (2008) (per curiam) (holding that no "structural error" occurs where a jury is instructed on alternative theories of guilt, and the defendant alleges that the jury relied on an invalid theory; rather, review is for "harmless error").

Similarly, the district court properly declined Todorovic's requested "good faith" defense instruction, because it presented unnecessary factual detail and,

4

instead, gave a proper instruction on the legal principles of the defense for the jurors to apply to the facts. *See United States v. Goland*, 959 F.2d 1449, 1453 (9th Cir. 1992). The district court also properly declined Todorovic's instruction about the trial judge signing an order in the FTC proceedings, because it would have drawn undue attention to a passing matter in a two-week trial. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1115 n.13 (9th Cir. 2005). Finally, the instructions, as a whole, provided the jurors with proper guidance. *See United States v. Johnson*, 680 F.3d 1140, 1147 (9th Cir. 2012) ("The relevant inquiry is whether the jury instructions as a whole are misleading or inadequate to guide the jury's deliberations," evaluating them "in the context of the entire trial.") (internal quotation marks and citations omitted).

Todorovic also challenges his sentence on various grounds. We have jurisdiction to review his sentence pursuant to 18 U.S.C. § 3742(a)(2). We review sentences in two steps: first for procedural error; then, if there is no procedural error, for substantive unreasonableness. *United States v. Collins*, 684 F.3d 873, 887 (9th Cir. 2012). There was no error, plain or otherwise, in Todorovic's sentence, and the resulting sentence was not substantively unreasonable. *United States v. Rangel*, No. 11-50062, 2012 WL 4857207, *3 (9th Cir. Oct. 15, 2012)

("Only a procedurally erroneous or substantively unreasonable sentence should be set aside.").

First, we reject Todorovic's contention that the district court erred by failing to require proof by "clear and convincing evidence" for his sentencing enhancements, not merely proof by a "preponderance" of the evidence, because we have specifically foreclosed such an argument as to each of the enhancements at issue here. *See United States v. Treadwell*, 593 F.3d 990, 1000-01 (9th Cir. 2010) (holding that an "amount of loss" enhancement does not require higher proof where it is based on a fraud conviction, and rejecting a higher standard based solely on the size of the loss enhancement); *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008) (holding that a "number of victims" enhancement did not require proof by "clear and convincing evidence" where it was based entirely on the context of a fraud offense, and that a two-level enhancement, such as the one that Todorovic received here for "sophisticated means," is too small to invoke the higher standard). We find no procedural error in the application of any enhancement, as each was supported by a preponderance of the evidence.

Second, the resulting sentence was not substantively unreasonable. Todorovic has not identified any respect in which, notwithstanding that the district court correctly considered and applied the guidelines *and the § 3553(a) factors*, his

*non-guidelines* sentence of 72 months is greater than necessary to accomplish the goals of sentencing in light of the totality of the circumstances. *See Collins*, 684 F.3d at 887; *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009). The district court gave rational and meaningful consideration to the § 3553(a) factors, particularly the nature and circumstances of the offense and Todorovic's involvement in it. *See United States v. Rudd*, 662 F.3d 1257, 1261 (9th Cir. 2011) (identifying this as the "touchstone" of reasonableness). Indeed, the trial judge noted that he did not believe that the advisory guidelines "really encapsulate what this case is about."

Thus, we reject Todorovic's challenges to both his conviction and his sentence.

AFFIRMED.