Douglas Martin KORN

v.

UNITED STATES of America.

Nos. CV 12–05243–VBF, CR 08–00385–VBF.

United States District Court, C.D. California.

March 20, 2013.

---

Douglas Martin Korn, San Pedro, CA, pro se.

Xochitl D. Arteaga, Assistant 2241-2255 US Attorney LA-CR, Dorothy Kim, AUSA-Office of U.S. Attorney, Los Angeles, CA, for United States of America.

**PROCEEDINGS (IN CHAMBERS): ORDER DENYING 28 U.S.C. SECTION 2255 PETITION FOR A WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Honorable VALERIE BAKER FAIRBANK, District Judge.

Linda Kanter, Courtroom Deputy.

Proceeding *pro se*, federal prisoner Douglas Martin Korn ("petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, the federal government ("respondent") filed an answer, and petitioner filed a reply, in each case supported by a memorandum of points and authorities, *see* Documents 1, 5, and 12. For the reasons that follow, the Court will deny the habeas petition for lack of merit.

*BACKGROUND AND PROCEDURAL HISTORY*

In December 2008, Douglas Martin Korn pled guilty to one count each of conspiracy to distribute methamphetamine and distribution of 431.8 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). At the recommendation of the U.S. Probation Office, and without objection from the prosecution or the defense, the Court reckoned that petitioner had twelve criminal history points. That placed him in Criminal History Category V. With that high criminal history category, petitioner's offense level yielded a Guideline-recommended range of 168 to 210 months (14 to 17.5 years) of imprisonment.

In December 2009 this Court entered the judgment sentencing petitioner to 135 months (11 years and three months) in prison, which was below the bottom end of the seemingly applicable Guideline range. *See* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody [pursuant to] 28 U.S.C. § 2255 ("Pet.") at 2 ¶¶ 1–7.

On direct appeal, the Ninth Circuit affirmed petitioner's conviction and sentence in an unpublished opinion in March 2011. *See* Pet. at 2–3 ¶¶ 8–11; *see also United States v. Douglas Martin Korn,* 421 Fed. Appx. 752 (9th Cir.2011). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court during the ninety days allotted for doing so, *see Zepeda v. United States,* 2013 WL 599869 (C.D.Cal. Feb. 15, 2013) (Valerie Baker Fairbank, J.) (citing *Bowles v. Russell,* 551 U.S. 205, 212, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (citing S. Cт. R. 13.1 and 28 U.S.C. § 2101(c))), so his conviction became final, for AEDPA purposes, in June 2011. Nor has petitioner filed any other motions for post-conviction relief or collateral review.

▮ In June and July 2012, respectively, petitioner filed the instant petition ("Pet.") and a supporting memorandum of points and authorities ("Pet. Mem."), claiming that his attorney rendered constitutionally ineffective assistance of counsel ("IAC") at sentencing in two respects. *See generally United States v. McGowan,* 668 F.3d 601, 605 (9th Cir.2012) (an IAC " 'challenge by way of habeas proceeding is preferable because it permits the defendant to develop a record of what counsel did, why it was done, and what, if any, prejudice resulted.' ") (quoting *United States v. Laughlin,* 933 F.2d 786, 788–89 (9th Cir.1991)).[1] There is no dispute that

**1.** If a defendant raises an issue on direct appeal and an appellate court decides the

the petition is timely under 28 U.S.C. § 2255(f)(1) because Korn filed it within one year from the date when his conviction became final upon expiration of the time to seek *certiorari*.

First, petitioner claims that his trial counsel rendered IAC by failing to advise the court that petitioner's two Beverly Hills drug convictions (for which the state court sentenced him concurrently) had resulted in suspended sentences—civil "narcotics commitment." Under the United States Sentencing Guidelines ("the Guidelines") in effect at the time of sentencing, that would have lowered his criminal history score by three points and dropped him from criminal history category V to criminal history category IV. That much is uncontested. Petitioner further opines or predicts that the ultimate result would have been a shorter prison term. Second, petitioner claims that his trial counsel rendered IAC by failing to request a full-blown evidentiary hearing to cross-examine one or more undercover agents, an

apparent government informant named Alexandridis who helped to set up the methamphetamine sale which led to the instant charges against petitioner, and petitioner himself, in order to build a record of impermissible "sentencing entrapment." *See* Pet. at 4–5 ¶¶ 12A and 12B; *see also* Pet. Mem. at 4–7.

### WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE IS NOT NECESSARY HERE

■ " 'It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective counsel.' " *Lambright v. Ryan,* 698 F.3d 808, 818 (9th Cir.2012) (quoting *Bittaker v. Woodford,* 331 F.3d 715 (9th Cir.2003) (*en banc*)); *accord United States v. Pinson,* 584 F.3d 972, 978 (10th Cir.2009) ("[W]hen a habeas petitioner claims [IAC], he impliedly waives attorney-client privilege with re-

issue, that disposition ordinarily becomes the law of the case, and the district court may not re-examine the issue on collateral review. *See United States v. Jingles,* 702 F.3d 494, 499 (9th Cir.2012) (citing *Richardson v. United States,* 841 F.2d 993, 996 (9th Cir.1988)), *pet. cert. filed on other grounds,* —— U.S.L.W. —— (U.S. Feb. 15, 2013) (No. 12–8865).

Conversely, if the defendant could have raised a claim on direct appeal but did not, "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (unanimous) (citing *Bousley v. United States,* 523 U.S. 614, 621–22, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) and *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). This rule is neither a constitutional nor a statutory requirement but a doctrine adhered to by the courts to conserve judicial resources "and to respect the law's important interest in the finality of judgments." *Massaro,* 538 U.S. at 503, 123 S.Ct. 1690.

The Supreme Court has held, however, that requiring a defendant to bring IAC claims "on direct appeal does not promote these objectives," and therefore, "failure to raise an [IAC] claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro,* 538 U.S. at 509, 123 S.Ct. 1690, *cited by United States v. Withers,* 638 F.3d 1055, 1066 (9th Cir.2011) ("Ineffective assistance of trial counsel is grounds for habeas relief, and such a claim need not be raised on direct appeal to preserve it for collateral attack.").

This does not mean that ineffective assistance may not be raised or addressed on direct review. As the Supreme Court has explained, "[t]here may be cases in which trial counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal. There may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court *sua sponte.*" *Massaro,* 538 U.S. at 508, 123 S.Ct. 1690.

spect to communications with his attorney necessary to prove or disprove his claim."); *see, e.g., United States v. Feliciano Sanchez*, No. CV 12–08016–VBF, 2013 WL 1397081, slip op. at 3–4 (C.D.Cal. Feb. 28, 2013) (Valerie Baker Fairbank, J.) (Not yet available on WestLaw) (ordering partial waiver of attorney-client privilege to permit government to have access to content of communications between habeas petitioner and his trial counsel to the extent necessary to intelligently defend against IAC claim). In this case, however, it is unnecessary to consider the proper scope of petitioner's waiver of the attorney-client privilege, nor to order discovery into formerly privileged communications between petitioner Korn and his trial counsel. It can be conclusively determined, without reference to any privileged communications, that petitioner has not shown his entitlement to federal habeas relief on this record.

*LEGAL STANDARD: AEDPA REVIEW OF A SECTION 2255 HABEAS PETITION*

Title 28 U.S.C. section 2255(a) provides that a prisoner who was sentenced in federal court

claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

If the federal district court which sentenced the petitioner

finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise [is] open to collateral attack, the court shall vacate and set the judg-

ment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(b). In order to obtain habeas relief under section 2255 and its attendant Rules, then, a federal prisoner who was convicted after the effective date of AEDPA in 1996 must show that the sentence is the result of some violation of the United States Constitution or other federal law.

For *state* prisoners who seek federal habeas relief pursuant to 28 U.S.C. § 2254, AEDPA requires them to show that a state court violated "clearly established Federal law," defined for that purpose as only the holdings (as opposed to dicta) of United States Supreme Court "as of the time of the relevant ... decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Carey v. Musladin*, 549 U.S. 70, 74, 127 S.Ct. 649, 166 L.Ed.2d 482 (2006). By contrast, AEDPA does not so narrowly define relevant federal law for federal prisoners who seek federal habeas relief pursuant to 28 U.S.C. § 2255. *Accord Johnson v. Sherry*, 586 F.3d 439, 448, 449 (6th Cir.2009) (Kethledge, J., dissenting on other grounds) ("The First Circuit has held that the *Waller* definition prevails ..., although critically, it did so in considering a challenge to an underlying *federal* conviction, *see* 28 U.S.C. § 2255, and thus was not limited, as we are here, to deciding whether '*clearly established* Federal law, as determined by the Supreme Court,' requires that result.") (citations omitted), *cert. denied,* —— U.S. ——, 131 S.Ct. 87, 178 L.Ed.2d 242 (2010); *Stewart v. Wolfenbarger*, 468 F.3d 338, 351 (6th Cir.2006) (Batchelder, Clay, Rogers), *as amended on denial of reh'g & reh'g en banc* (6th Cir. Feb. 15, 2007) ("[A] federal court has more leeway in § 2255 cases than § 2254 cases, because it is not constrained to use only

clearly established federal law, as determined by the holdings of Supreme Court decisions.").

■ For federal prisoners whose habeas petition asserts constitutional error in the sentence or in the sentencing proceeding, the relevant federal law is the version of the law, including the United States Sentencing Guidelines and case law interpreting them, that was in effect at the time of sentencing. *See, e.g., United States v. Murillo,* 484 Fed.Appx. 201, 202 (9th Cir.) (stating, on appeal from denial of section 2255 petition, "At the time Murillo was sentenced, the United States Sentencing Guidelines provided that ...."), *cert. denied,* —— U.S. ——, 133 S.Ct. 556, 184 L.Ed.2d 371 (2012).

Moreover, our Circuit has held that the rules governing federal-prisoner habeas petitions under 28 U.S.C. § 2255 are "nearly identical ... in substance" to the rules governing state-prisoner habeas petitions under 28 U.S.C. § 2254. *See United States v. Buenrostro,* 638 F.3d 720, 722 (9th Cir.) (holding that Supreme Court decision addressing motions for relief from judgment in section 2254 state-prisoner context also applied to the section 2255 federal-prisoner context), *cert. denied,* —— U.S. ——, 132 S.Ct. 342, 181 L.Ed.2d 215, *reh'g denied,* —— U.S. ——, 132 S.Ct. 807, 181 L.Ed.2d 518 (2011). Therefore, unless there appears to be some reason not to do so—such as the definition of "federal law" which applies to state-prisoner section 2254 petitions but not to federal-prisoner section 2255 petitions—this Court will apply section 2254 precedents to this section 2255 case to the extent that those precedents are apposite.

*LEGAL STANDARD: INEFFECTIVE ASSISTANCE OF COUNSEL*

■ Once it attaches, the Sixth Amendment right to counsel "applies to all 'critical stage[s] of the prosecution.'" *United States v. Leonti,* 326 F.3d 1111,

1116 (9th Cir.2003) (quoting *Kirby v. Illinois,* 406 U.S. 682, 690, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972)) (other citation omitted). Because criminal defendants are entitled to competent counsel at every stage of a criminal proceeding where substantial rights may be affected, the right to counsel applies at critical stages of the sentencing phase. *See Leonti,* 326 F.3d at 1116 (citing, *inter alia, Mempa v. Rhay,* 389 U.S. 128, 134, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967)).

■ In *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." *See Stanley v. Cullen,* 633 F.3d 852, 862 (9th Cir.2011) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052); *see also Tilcock v. Budge,* 538 F.3d 1138, 1146 (9th Cir.2008). "Deficient performance" means representation that "fell below an objective standard of reasonableness," *Stanley,* 633 F.3d at 862 (citing *Strickland* 466 U.S. at 688, 104 S.Ct. 2052), which is otherwise described as representation falling below professional norms prevailing at the time of trial. *See Chaidez v. United States,* —— U.S. ——, 133 S.Ct. 1103, 1107, 185 L.Ed.2d 149 (2013) (citing *Strickland,* 466 U.S. at 687–88, 104 S.Ct. 2052). To show deficient performance, petitioner must overcome a "strong presumption" that his lawyer "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. 2052. Further, petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 688–89, 104 S.Ct. 2052. The court must then "determine whether, in light of all the circumstances, the identified acts or omis-

sions were outside the range of professionally competent assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

■ The Supreme Court has cautioned that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. A federal habeas court must make " 'every effort ... to eliminate the distorting effects of hindsight,' " *Carrera v. Ayers,* 670 F.3d 938, 943 (9th Cir.2011) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052), and instead focus on "whether there was manifest deficiency" in counsel's representation *"in light of information then available to counsel." Premo v. Moore,* —— U.S. ——, 131 S.Ct. 733, 741, 178 L.Ed.2d 649 (2011) (citing *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)) (emphasis added); *see also Premo,* —— U.S. at ——, 131 S.Ct. at 745 ("Hindsight and second guesses are also inappropriate ...."); *see, e.g., Pulliam v. Uribe,* 458 Fed.Appx. 625, 626 (9th Cir.2011) (Fernandez, Callahan, D.N.D. Chief D.J. Erickson) ("[T]he decision to use Tillman's testimony for support, rather than attempt to impeach her credibility, is a classic trial tactics decision that we cannot condemn through the benefit of hindsight."), *cert. denied,* —— U.S. ——, 132 S.Ct. 2399, 182 L.Ed.2d 1038 (2012).

■ Accordingly, to overturn the strong presumption of adequate assistance, petitioner must demonstrate that the challenged action cannot reasonably be considered sound trial strategy under the circumstances of the case.[2] *See Burger v. Kemp,* 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987); *Lord v. Wood,* 184

F.3d 1083, 1085 (9th Cir.1999); *contrast Tilcock,* 538 F.3d at 1146 ("Here, the facts as alleged by the petitioner overcome that presumption. We can think of nothing strategic about failing to object at sentencing to categorically non-qualifying convictions that would prevent a defendant from being eligible for sentencing under a habitual criminal statute. If the prosecution alleges that a defendant is a habitual criminal on the basis of non-qualifying convictions, the defendant has everything to gain and nothing to lose by objecting.") *with McPherson v. Harrison,* 171 Fed.Appx. 177, 178 (9th Cir.2006) (Hall, Thomas, Tallman) ("We agree with the district court that counsel's decision not to walk McPherson before the jury to undermine an eyewitness identification was fraught with risk and could easily be a strategic one. Criticizing trial tactics is not sufficient to establish ineffective assistance.") (citing *United States v. Ferreira–Alameda,* 815 F.2d 1251, 1254 (9th Cir.1986)) and *United States v. Stone,* 224 Fed.Appx. 720, 721 (9th Cir.2007) ("Stone contends that he received ineffective assistance of counsel because counsel failed to seek a downward departure for over-representation of criminal history. A review of the record reflects that counsel's tactical decision to seek a departure based only on what he believed was the stronger ground of diminished mental capacity was not objectively unreasonable.") (citing *Harris v. Vasquez,* 949 F.2d 1497, 1525 (9th Cir.1990)).

■ As a consequence, " '[i]t is [ ] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance.' "

---

2. Because the standard for "deficient performance" is objective, a reviewing court is not confined to evidence of counsel's subjective state of mind; nonetheless, "courts may not indulge 'post hoc rationalization' for counsel's decisionmaking that contradicts the available evidence of counsel's actions." *Harrington v. Richter,* 562 U.S. ——, 131 S.Ct. 770, 790, 178 L.Ed.2d 624 (2011).

*Woods v. Diguglielmo,* No. 11–1221, 514 Fed.Appx. 225, 229, 2013 WL 618085, *3 (9th Cir. Feb. 20, 2013) (quoting *United States v. Kauffman,* 109 F.3d 186, 190 (3d Cir.1997) (internal quotation marks and citation omitted)). Courts in our circuit have borne out this statement in cases, like this one, where a criminal defendant claims his trial counsel rendered ineffective assistance by failing to request a hearing at which the defendant or others could testify or by failing to call the defendant or others at a proceeding which did take place. *See, e.g., United States v. Ritchie,* 2005 WL 1320869, *3 (D.Alaska June 2, 2005) (rejecting federal prisoner's habeas claim that trial counsel rendered ineffective assistance by failing to demand an evidentiary hearing regarding the drug quantities for which petitioner was sentenced); *cf. Paramo v. Martel,* 2011 WL 7164457, *20 (C.D.Cal. Dec. 29, 2011) (agreeing with state-court opinion which stated, "The decision regarding which witnesses to call and what evidence to submit at trial are matters within the discretion of trial counsel and rarely implicate effective assistance of counsel.") (Chooljian, M.J.), *R & R adopted,* 2012 WL 394768 (C.D.Cal. Feb. 3, 2012) (Carney, J.); *Buckley v. Felker,* 2012 WL 1079336, *8 (C.D.Cal. Mar. 7, 2012) (Mumm, M.J.) (sustaining against AEDPA review a state-court decision stating, *inter alia,* "the decision whether to permit the defendant to testify 'goes to the heart of trial tactics' and therefore 'rarely would support a claim of ineffective assistance' "), *R & R adopted,* 2012 WL 1075704 (C.D.Cal. Mar. 30, 2012) (Carter, J.); *United States v. Patton,* 2006 WL 2192035, *3 (E.D.Wash. Aug. 1, 2006) (finding no merit in federal prisoner's habeas claim that trial counsel rendered ineffective assistance by failing to request a hearing on the issue of waiver of the right to counsel and the voluntariness of his statement to DEA agents following his arrest), *recon. denied,* 2006 WL 2623359 (E.D.Wash. Sept. 13, 2006).

█ To meet his burden of showing the distinctive kind of "prejudice" required by *Strickland,* petitioner must affirmatively "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hebner v. McGrath,* 543 F.3d 1133, 1137 (9th Cir.2008) (citing *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052). In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *cf. Richter,* 131 S.Ct. at 791 ("[T]he question is ... whether it is possible a reasonable doubt might have been established if counsel acted differently."); *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (the "prejudice" component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair").

*DISCUSSION: Defense Counsel's Failure to Contest Assignment of Criminal History Points Did Not Constitute Ineffective Assistance of Counsel*

Petitioner contends that his trial counsel performed deficiently by failing to discover that two of petitioner's prior convictions had resulted in suspended sentences and mere civil commitments, and by consequently failing to demand that the Court assign only one criminal history point to these two convictions. *Cf. Curry v. Palmateer,* 62 Fed.Appx. 157, 158–59 (9th Cir. 2003) (5th Cir. J. Reavley, Kozinski, W. Fletcher) ("The failure to raise a meritorious argument at sentencing that might have significantly reduced Curry's criminal history score qualifies as ineffective assistance.... It appears from the record that Curry's attorney at sentencing was simply

unaware of the 'single judicial proceeding' rule and its relevance to Curry's sentence. * * * [W]e conclude that the ... rule would have applied to Curry's prior Washington convictions and would have operated to reduce his sentence by two years. The failure to argue the rule, therefore, fell below an objective standard of reasonableness and prejudiced him in a tangible way."). Petitioner explains his version of events with respect to these two prior convictions as follows:

> First, petitioner was arrested on September 22, 2005 for violating California's Health & Safety Codes §§ 11378 and 11351, Case No. BA 301215. On October 12th and 30th of 2006, Petitioner plead guilty to both charges. The State court imposed a prison term of 2 years on one and 6 years on the other. Then, the court suspended both sentences. Petitioner was made a civil commitment [sic], and issued a prisoner "N" number. He was placed in Norco California Rehabilitation Center for one-year, then moved to Cri–Help for 3 months, followed by 6 months in a halfway house. Once done, Petitioner was placed on one-year probation. Four months into this term of probation, a federal grand jury returned an indictment resulting in petitioner's current incarceration in federal prison.

Pet. Mem. at 3.

Following the recommendation of the United States Probation Office, the Court assigned petitioner three criminal history points for the two suspended-sentence convictions combined, for a total of twelve criminal history points, which placed him in Criminal History Category V. *See* Pet. Mem. at 3. The government concedes that petitioner is "likely correct" in his contention that he should have been assigned several fewer criminal history points for these two convictions instead, which would have placed petitioner in Criminal History Category IV. *See* Gov. Mem. at 10. Spe-

cifically, as a factual matter the government acknowledges that two of petitioner's prior convictions (which were concurrently sentenced in state court) resulted only in suspended sentences. As a legal matter, the government further acknowledges that under U.S.S.G. §§ 4A1.2(a) and 4A1.1(c), a defendant receives only one criminal history point for a conviction whose sentence was less than sixty days and was "totally suspended." *See* Gov. Mem. at 9. Guideline section 4A1.2 is entitled Definitions and Instructions for Computing Criminal History. The version in effect when petitioner was sentenced in December 2009 provided, in pertinent part,

> (a) Prior Sentence
>
> (1) The term "prior sentence" means any sentence previously imposed upon adjudication of guilty, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense.
>
> * * *
>
> (3) A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c).

U.S.S.G. § 4A1.2(c)(1) and (3) (2009). In turn, the December 2009 version of Guideline section 4A1.1, entitled Criminal History Category, provided in its entirety as follows:

> The total points from items [subsections] (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) *Add 1 point for each prior sentence of imprisonment not counted in (a)*

*or (b),* up to a total of 4 points for this item [subsection].

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item [subsection].

(f) Add 1 point for each prior sentence resulting from a conviction of [sic] a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was counted as a single sentence, up to a total of 3 points for this item [subsection].

U.S.S.G. § 4A1.1(a)–(f) (2009) (emphasis added); *see also United States v. Mister,* 363 Fed.Appx. 422, 423 (8th Cir.2010) (per curiam) (Bye, Riley, Shepherd) ("a conviction for which imposition or execution of sentence is totally suspended or stayed is [nonetheless] counted as a prior sentence under U.S.S.G. § 4A1.1(c)."); *United States v. Hamilton,* 261 Fed.Appx. 928, 928 (8th Cir.2008) (per curiam) (Murphy, Smith, Shepherd) ("Hamilton ... assert[s] ... that his counsel was ineffective, and that the district court improperly included in his history as prior vehicle-tampering conviction, which had resulted in a suspended imposition of sentence. * * * We conclude that the district court did not err ... in any of its relevant sentencing determinations.") (citing U.S.S.G. § 4A1.2). Government counsel has submitted a declaration stating that the Probation Officer who prepared the PSR in petitioner's case also agrees that petitioner should have received fewer criminal history points for the two suspended-sentence/civil-commitment convictions. Discussing the available record regarding the suspension ·of those· sentences, government counsel declares as follows:

> I was unable to determine from defendant's rap sheet or the PSR whether defendant had in fact had his sentence totally suspended in case nos. BA301215 and SA060788 at the time of sentencing in this case.
>
> The case agent requested from California Superior Court a copy of the docket associated with case nos. BA301215 and SA060788 and delivered to me the document attached hereto as Exhibit A.
>
> My review of the document shows that defendant was sentenced concurrently for cases BA301215 and SA060788, and that at the time of sentencing in this case, those convictions were deemed [to constitute] civil narcotic commitment.
>
> I spoke to Probation Officer ..., the individual who authored the PSR in this case. Given all of the above, [the Probation Officer] believes defendant should have been assigned [only] 1 criminal history point each for case nos. BA301215 and SA060788, instead ·of 3 each. Based on the information [the Probation Officer] used at the time of his calculations, he had no indication that the sentences in BA301215 and SA060788 had been totally suspended.
>
> [The Probation Officer] indicated that if he were to calculate criminal history in light of Exhibit A, he would now assign 1 criminal history point each to case nos. BA301215 and SA060788 in an abundance of caution.

Doc 276 at 14–15 (Dec. of AUSA Xochitl D. Arteaga) ¶¶ 2a–2d [3]; *contrast · United*

---

**3.** The Court notes that in the future, it would be preferable for respondent to submit an

*States v. Gaydos,* No. 91–10209, 988 F.2d 123, 1993 WL 68933, \*2–3 (9th Cir. Mar. 11, 1993) (Norris, Beezer, Kleinfeld) ("Counsel's decision not to object to the use of Gaydos' prior state conviction in the calculation of his criminal history category did not amount to ineffective assistance of counsel. There was no evidence that the prior conviction had been 'totally stayed' or dismissed as Gaydos initially claimed.").

The Court and the parties all agree that with the correct assignment of fewer criminal history points for the two suspended-sentence/civil-commitment convictions, petitioner's Guideline-recommended term of imprisonment would have been substantially lower: 151 to 188 months instead of 168 to 210 months. *See* Petitioner's Memorandum of Points and Authorities in Support of Section 2255 Motion ("Pet. Mem.") at 4; Gov.'s Opp. at 10. *Contrast United States v. Stringer,* 2011 WL 3359637, \*5 (D.Haw. Aug. 3, 2011) (Susan Oki Mollway, C.J.) (considering a claim that trial counsel rendered ineffective assistance of counsel by failing to object to a miscalculation of defendant's criminal history, court stated, "Had the points relating to the convictions discussed in paragraphs 49 and 52 not been assessed, Stringer would have had 10 points. Accordingly, even in the best case scenario for Stringer, he would still have been in Criminal History V."); *United States v. Zavala–Cervantez,* 2010 WL 2218672, \*2 (E.D.Wash. May 28, 2010) (Robert Whaley, J.) (denying section 255 habeas claim that trial counsel rendered ineffective assistance at sentencing, stating, "Even if Defendant [had been] suc-

cessful in arguing that he should not have received his criminal history point for third degree driving with license suspended, it would not have changed his criminal history score.") (footnote 1 omitted).

■ After *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), of course, the Sentencing Guidelines are merely advisory, *see United States v. Johnson,* 581 F.3d 994, 1001 n. 4 (9th Cir.2009), and this Court exercised its judgment to impose a non-Guideline sentence. *Cf. United States v. Todorovic,* 503 Fed.Appx. 540, 542–43 (9th Cir.2013) (Pregerson, W. Fletcher, D.J. Bennett) (sustaining "non-guidelines sentence" as procedurally and substantively reasonable and noting with approval, "the trial judge noted that he did not believe that the advisory guidelines 'really encapsulate what this case is about.' ").

**The government maintains that petitioner's trial counsel did not perform deficiently at sentencing because he engaged in reasonable investigation of petitioner's criminal history and its implications for petitioner's sentence.** Essentially, the government attempts to show that petitioner's counsel was unreasonable neither in what he did nor in the conclusions he apparently drew from the incomplete criminal-history information he obtained:

Although the record indicated a civil narcotics commitment in connection with case nos. BA301215 and SA060788 (PSR ¶¶ 58, 61; Defendant's Sentencing Position at 14 (arguing [that] convictions

---

affidavit from the Probation Officer, rather than an affidavit from government counsel relating what the Probation Officer allegedly stated. *Cf. Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) (stating that habeas "Petitioner's affidavits are particularly suspect ... because ... they consist of hearsay."); *Murtishaw v. Woodford,* 255 F.3d 926, 958–59 (9th Cir.2001) ("This

alleged perjury and prosecutorial misconduct does not warrant a granting of the habeas petition. Murtishaw's evidence of the perjury and prosecutorial misconduct comes in the form of an affidavit ... based largely on hearsay."); *Grisby v. Blodgett,* 130 F.3d 365, 368 (9th Cir.1997) (stating, in habeas case, "hearsay affidavits do not meet the requirement of Fed.R.Civ.P. 56(e).").

in [these] PSR paragraphs should be afforded less weight because they lead to civil commitment), there was no argument raised that the sentences had been totally suspended as a result.

Instead, the record leads one to believe the contrary, that defendant had indeed suffered prison following his sentencing, on each offense. According to the PSR, which defendant himself stated on the record contained no errors[4] (RT 12/11/09: 5–6 (client and attorney have reviewed the PSR); 7 (defendant and client each respond directly to Court that they each read and understand the PSR), defendant had been "delivered to prison" on the matter and paroled 11 months later. (PSR ¶¶ 58, 61.) While it is true that defendant was "designated as a narcotic addict commitment," (PSR ¶ 62), counsel may not have known from the record available at the time that the sentences had been totally suspended prior to the civil commitment.

Gov. Mem. at 10–11 (paragraph break added). For his part, however, petitioner retorts that before sentencing he told his "defense attorney over and over again that my two prior drug charges in the State of California were suspended because I entered California's drug rehabilitation program. He refused to investigate this matter and assert as much at sentencing." Pet.'s Reply, Attachment at 6 (Declaration of Douglas Korn) ¶ 2.

■ On this record, however, the Court need not resolve the dispute over whether petitioner's trial counsel rendered deficient performance for purposes of *Strickland v. Washington*'s first prong. This is because petitioner has failed to carry his burden of showing that the alleged deficient performance prejudiced him. It is well established that "[f]ailure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Chapman v. Lampert,* 371 Fed.Appx. 742, 746 (9th Cir.2010) (citing *Rios v. Rocha,* 299 F.3d 796, 805 (9th Cir.2002)); *see also Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *United States v. Torres–Guardado,* 502 Fed.Appx. 654, 655 (9th Cir.2012) (Tallman, Watford, D.J. Gleason) ("The court may address these [*Strickland*] prongs in either order and it need not analyze both parts if the defendant cannot establish either prong."); *United States v. Howard,* 406 Fed.Appx. 216, 217 (9th Cir.2010) ("On this record, the ineffective assistance of counsel claim fails for lack of prejudice. We thus need not explore *Strickland*'s other prong.") (internal citations omitted); *see, e.g., Fuentes v. McDonald,* 2012 WL 3155565, *9 (C.D.Cal. May 7, 2012) (Wilner, M.J.) (" 'If the absence of prejudice can be clearly established,' a district court should end the IAC [ineffective assistance of counsel] inquiry.") (quoting *Williams v. Calderon,* 52 F.3d 1465, 1470 n. 3 (9th Cir.1995)), *R & R adopted,* 2012 WL 3155560 (C.D.Cal. Aug. 2, 2012); *Van Why v. Barnes,* 2011 WL 2461956, *8 (C.D.Cal. May 17, 2011) (Mumm, M.J.) ("Even if this alleged failing

---

4. *But see Carrazana v. United States,* 508 Fed. Appx. 873, 875, 2013 WL 192496, *2 (11th Cir.2013) ("[W]hether an attorney's reliance on a client's statement of his own criminal history is deficient performance depends upon the peculiar facts of each case.") (citing *United States v. Pease,* 240 F.3d 938, 941–42 (11th Cir.2001)). If the Court were to apply this principle, the mere fact that a criminal defendant states that a particular recitation of his criminal history is accurate—say, in the Pre–Sentence Report—might support, but standing alone would not necessarily support, a finding that counsel did not perform deficiently in failing or choosing not to investigate his client's criminal history further. The cited decisions, however, are not from the Ninth Circuit, and in the posture of this case the Court need not ascertain or predict how the Ninth Circuit views or would view the matter.

constituted deficient performance (*an issue the Court need not decide*), it would still not entitle petitioner to habeas relief, as [he] completely fails to demonstrate" prejudice) (emphasis added), *R & R adopted*, 2011 WL 2461950 (C.D.Cal. June 21, 2011) (Gutierrez, J.); *accord Smith v. U.S.*, 2010 WL 2650606, *1 (W.D.Wash. July 1, 2010) (Settle, J.) ("The failure to show one prong [of *Strickland* ineffective assistance of counsel] obviates the need to consider whether the other prong is established.").

■■■ Even assuming *arguendo* that reasonable diligence and competence should have led petitioner's trial counsel to realize that two of the prior drug-sale sentences had been totally suspended, petitioner provides no basis for concluding that the incompetence caused *Strickland* prejudice. *Cf. Hearne v. United States*, No. 98–56560, 185 F.3d 867, 1999 WL 436207, *1 (9th Cir. June 16, 1999) (O'Scannlain, Rymer, Silverman) (petitioner failed to show that he was prejudiced by his trial counsel's "fail[ure] to cite to the record to demonstrate that two prior offenses were consolidated, which should have led to the assessment of three criminal history points instead of six"). On the contrary, there are two reasons to affirmatively conclude that petitioner was not prejudiced by trial counsel's failure to notice the seeming error in the Probation Office's criminal-history recommendation. First, the transcript of the December 11, 2009 Sentencing reflects that the Court expressly accepted petitioner's argument that the two convictions at issue (PSR ¶¶ 58 and 63) should be accorded less weight because they led only to civil commitment and were eligible to be "set aside." *See* 12/11/09 Reporter's Transcript ("RT") at 29 (agreeing with Def.'s Sentencing Position at 14). The Court was not required to precisely quantify the extent to which it lowered petitioner's sentence in reliance on this consideration, and it did not do so. For this reason, petitioner cannot show a reasonable likelihood that this unquantified and arguably unquantifiable adjustment by the Court accorded petitioner a lesser benefit—i.e., lowered his sentence less—than a formal subtraction of three criminal history points would have.

Second, a review of the Court's stated reasons for imposing this sentence establishes that the Court based petitioner's sentence not on the Guideline recommendation but on the factors enumerated in 18 U.S.C. § 3553(a) in light of the totality of the circumstances. The Court concluded as follows:

Considering *all of these factors*, the Court finds[,] consistent with the Congressional Mandate, that an imprisonment term of 135 months ... is reasonable, sufficient but not greater than necessary to accomplish [the] purposes of sentencing taking into [ac]count both the aggravating and mitigating factors.

12/11/09 RT at 30. The record shows that this Court fashioned petitioner's sentence primarily based on the statutory factors, with comparatively little emphasis on and reference to the guideline-recommended range. Thus petitioner cannot show a reasonable probability that he would have received a lower sentence if his counsel had successfully argued that petitioner should have three fewer criminal history points and consequently a lower criminal history category and lower guideline-recommended range. *Accord Sanchez v. United States*, 2012 WL 5498035, *3 (W.D.Va. Nov. 13, 2012) ("Sanchez is unable to establish that he was prejudiced by any deficiency of counsel. [E]ven if his counsel had objected to the role [in-the-offense] enhancement [which added offense levels and thus affected his criminal history category], there is not a reasonable probability that the Court would have imposed a less-

er sentence. [T]he Court imposed a reasonable sentence based on § 3553(a), and one far below the advisory guideline range. Accordingly, Sanchez's ineffective assistance of counsel claim is without merit."); *Lee v. United States,* 2010 WL 2557725, *3 (S.D.Tex. June 22, 2010) (even assuming that habeas petitioner's counsel was deficient in his "failure to object to the assessment of separate criminal history points for his forgery and burglary convictions, Petitioner cannot show prejudice. During sentencing, Judge Reeves clearly explained that Petitioner's sentence was not based on the advisory guidelines. Rather, petitioner's sentence was based upon the § 3553(a) factors. Petitioner therefore cannot show that being placed in a lower advisory range would have resulted in a lower sentence.").

In addition, more specifically, petitioner has pointed to nothing in the record suggesting that in fashioning an appropriate sentence, this Court used the bottom end of the Guideline-recommended range as a starting point and then concluded that it was appropriate to subtract a particular period of time from that bottom end *per se.* *See Elkins v. United States,* 2012 WL 3248177, *7 n. 8 (E.D.Wis. Aug. 9, 2012) (rejecting section 2255 habeas petitioner's claim that counsel rendered ineffective assistance with respect to the Pre–Sentence Report and sentencing, court stated, "[H]e

fails to demonstrate any reasonable probability that I would have imposed a lower term on consideration of the 18 U.S.C. § 3553(a) factors, particularly given the extent of his fraudulent scheme, the disturbing nature of the threats, and his substantial prior record. *Nor does he demonstrate that the sentence I imposed was based on a specific reduction from the low end of the adopted guideline range....* The sentence in this case is ultimately based on § 3553(a)....") (emphasis added).[5]

In conclusion, even if petitioner's trial counsel had done everything petitioner wishes he had done and had convinced this Court to assign only three rather than six criminal history points for the two prior suspended-sentence convictions, that would not have changed this Court's analysis of the 18 U.S.C. § 3553(a) factors. The Court chose to impose 135 months of imprisonment because the statutory factors made such a sentence appropriate, not because it wished to impose a sentence that was a certain number of months below the bottom end of the advisory Guideline range. In other words, petitioner would have received the same sentence, based on this Court's analysis of those statutory factors, whether the Guidelines recommended 168–210 months (Criminal History Category V) or only 151 to 188 months (Criminal History Category IV). *Accord United*

---

5. *Cf. Myers v. United States,* 2012 WL 1570134, *3 (D.S.C. May 2, 2012) ("[A] sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the guidelines. Because it was Petitioner's contractual agreement with the Government and not his prior state court convictions ... that drove his federal sentence, Petitioner cannot readily demonstrate a reasonable probability of prejudice as a result of his counsel's alleged failure to challenge those convictions.") (internal citations omitted); *Harned v. United States,* No. 11–14095, 511 Fed.Appx. 829, 832, 2013 WL 707878, *2 (11th Cir. Feb. 27, 2013) (per curiam) ("[A]l-

though the district court erred by enhancing Harned's sentence based on facts not found by a jury, that error was harmless because it did not affect Harned's substantial rights. The district court determined Harned's sentence based on the statutory sentencing factors.") (citing 18 U.S.C. § 3553); *Bridges v. United States,* 2008 WL 2945489, *11 (N.D.W.Va. July 28, 2008) ("Bridges' sentence was not based on a guideline range but rather on an agreement.... As a result, even if a discrepancy existed, counsel's failure to object to it had no effect on Bridges' sentence because the advisory guidelines range was not considered in imposing his sentence ....").

*States v. Vasquez,* 2011 WL 3359575, \*4 (E.D.Mich. Aug. 4, 2011) (denying section 2255 habeas petitioner's claim that counsel rendered ineffective assistance by inter alia failing to do enough to oppose a sentencing enhancement for obstruction of justice, court stated, "[E]ven taking Defendant's explanation of the events as true, he still would have received a twenty-year sentence based on the § 3553(a) factors. Defendant's conduct demonstrated almost an arrogant disregard for the law. In order to adequately deter such conduct in the future and promote respect for the law, a significant sentence was necessary.").

*DISCUSSION: Defense Counsel's "Failure" to Request a Full Evidentiary Hearing Regarding Entrapment Did Not Constitute Ineffective Assistance of Counsel*

Petitioner's second claim for habeas relief is that his trial counsel rendered IAC by failing to request a full-blown evidentiary hearing to cross-examine an undercover agent, Alexandridis, and petitioner to build a record of sentencing entrapment. According to petitioner, an evidentiary hearing would have revealed that petitioner lacked the intent and the resources to buy such a quantity of methamphetamine of drugs on his own. Petitioner's theory is that "the government engaged in outrageous conduct, actively inducing him to sell a greater quantity of methamphetamine in order to maximize his sentence." Petitioner's Reply Brief in Support of 28 U.S.C. § 2255 Habeas Corpus Motion ("Pet.'s Reply") at 3–4.

At sentencing in December 2009, this Court found that the "defendant has not demonstrated by a preponderance of the evidence either the lack of an intent to produce the quantity of drugs at issue or the lack of capability to produce the quantity of drugs at issue." In its opinion affirming Korn's conviction and sentence,

the Ninth Circuit agreed, stating simply, "there is no evidence that the government engaged in outrageous conduct or actively induced Korn to sell a greater quantity of methamphetamine in order to maximize his sentence [exposure]." *Korn,* 421 Fed. Appx. at 752 (citing *United States v. Schafer,* 625 F.3d 629, 639–40 (9th Cir. 2010)); *cf. United States v. Munoz,* 455 Fed.Appx. 772, 773 (9th Cir.2011) (Wallace, Thomas, M.D. Ala. D.J. Albritton) (in prosecution for *inter alia* conspiracy to possess with intent to distribute 500 grams or more of cocaine, the district court did not clearly err in finding that defendant's role in the instant offense and his criminal history showed he intended to distribute cocaine in said quantity and rejecting sentencing-entrapment claim).

Petitioner now submits his declaration, which purports to "add[ ] new factual allegations, unsolicited by his defense counsel, with the hope that they are sufficient to warrant an evidentiary hearing to call witnesses to conclusively establish sentencing entrapment...." Pet.'s Reply at 4. In the declaration, petitioner expresses the following expectations about what would transpire at an evidentiary hearing on his sentencing-entrapment claim:

> [N]ot only would the undercover agents from Nevada and Nikolaos Alexandridis co[rr]oborate all the factual allegations known to them in my previous Declaration attached to my Memorandum ..., but they would also testify:
>
> Nikolaos Alexandridis was arrested in Las Vegas, Nevada on money laundering charges separate from my criminal proceedings;
>
> Alexandridis informed the Las Vegas undercover agents handling his Las Vegas charges that he knew of someone in California—Douglas Korn—who sold methamphetamine[,] and [Alexandridis] offered to set up a buy in an effort to

diminish his exposure on his own criminal activity. The agents were interested, but only if he could set up a significant buy of at least one kilogram of methamphetamine;

Alexandridis and the undercover agents knew that I had no intent to sell or the resources on my own to purchase one kilogram of methamphetamine but pressed for this large amount anyway in order to maximize my sentence and to justify significantly reducing Alexandridis' criminal exposure; and

The money laundering charges against Alexandridis in Las Vegas, Nevada were dropped because he set me up to sell him one kilogram of methamphetamine.

Korn Dec ¶¶ 3a–3d.

 As our Circuit has explained, " '[s]entencing entrapment occurs when a defendant is predisposed to commit a lesser crime, but is entrapped by the government into committing a crime subject to more punishment.' " *United States v. Lopez–Mejia*, No. 11–10139, 510 Fed.Appx. 561, 564, 2013 WL 646844, *1 (9th Cir. Feb. 22, 2013) (Farris, Thomas, N.R. Smith) (quoting *United States v. Schafer*, 625 F.3d 629, 639 (9th Cir.2010)). In order to prevail on a sentencing-entrapment claim, petitioner has the burden of demonstrating both his lack of intent and his lack of ability to engage in an illegal transaction involving a more heavily punished drug or a more heavily punished quantity of drugs. *See Lopez–Mejia*, 510 Fed.Appx. at 562, 2013 WL 646844 at *1 (citing *United States v. Naranjo*, 52 F.3d 245, 250 n. 13 (9th Cir.1995)); *see, e.g., United States v. Williams*, 478 Fed.Appx.

364, 365 (9th Cir.2012) (Fernandez, Silverman, D.J.) ("The district court did not clearly err in finding that the government conducted the sting operation in such a way as to maximize the sentence imposed upon Williams without regard for his culpability or ability to commit the crime on his own.") (citing *Schafer*, 625 F.3d at 639–40); *United States v. Bermudez–Chavez*, 473 Fed.Appx. 560 (9th Cir.2012) (Noonan, McKeown, M. Smith) (for purposes of determining sentence in cocaine prosecution, panel held that remand was warranted for district court to consider evidence of defendant's purported inability to procure 100 kilograms of cocaine, even though jury had found defendant guilty of possession with intent to distribute 100 kilograms of cocaine, where defendant had been able to produce only two kilograms of cocaine and fifty-nine kilograms of building plaster); *United States v. Vierra*, 426 Fed.Appx. 484, 485 (9th Cir.2011) (per JJ. W. Fletcher and Berzon, with J. Tashima concurring separately) (sustaining sentencing-entrapment claim and remanding for resentencing where *inter alia* "prior to the informant's inducement [for Vierra to sell an unspecified larger quantity of methamphetamine], Vierra only provided half-gram, personal-use quantities of methamphetamine to friends [on six occasions], transactions from which he realized no profit").[6]

 But Petitioner fails on the claim that he is entitled in habeas to an evidentiary hearing on his sentencing-entrapment claim. First, petitioner presents no United States Supreme

---

**6.** "Sentencing manipulation is different from sentencing entrapment." *United States v. Lynch*, 2010 WL 1848209, *15 n. 20 (C.D.Cal. Apr. 29, 2010) (George Wu, J.). "Sentencing manipulation ... arises when the government engages in actions which allow 'prosecutors to gerrymander the district court's sentencing options and thus defendant's sentences[,]' " *Lynch*, 2010 WL 1848209 at *15 (quoting *United States v. Sanchez*, 138 F.3d 1410, 1414 (11th Cir.1998)), and where such manipulation occurs, it raises a question as to whether there is a due process violation, *see Lynch*, 2010 WL 1848209 at *15 (citing *United States v. Torres*, 563 F.3d 731, 734 (8th Cir.2009)).

**Court precedent** holding that a court must always hold an evidentiary hearing before rejecting a criminal defendant's assertions that he could not afford to buy the charged quantity of an illegal drug on his own behalf, did not customarily deal in a quantity as large as the charged quantity, or bought or distributed the larger quantity only because a codefendant encouraged or pressured him to do so. *Cf. United States v. Yong Ming Song*, No. 09–10234, 510 Fed.Appx. 531, 532, 2013 WL 619519, *1 (9th Cir. Feb. 20, 2013) (Graber, Bybee, Christen) (affirming conviction for possession of controlled substance within 1000 feet of a school with intent to distribute, panel stated, "Defendant's sentencing entrapment and manipulation claims fail. Defendant's decision as to the route he took was not influenced by law enforcement.") (citing *Sherman v. United States*, 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1959) and *United States v. Riewe*, 165 F.3d 727, 729 (9th Cir.1999) (per curiam)). It bears remembering that United States Supreme Court precedent is the only source of "clearly established law" for AEDPA purposes. *See Frost v. Van Boening*, 692 F.3d 924, 931 (9th Cir.2012) ("[A] court of appeals' decision does not constitute clearly established Federal law ... so any failure to apply that decision cannot independently authorize habeas relief under AEDPA."), *reh'g en banc granted on other grounds*, 707 F.3d 1143 (9th Cir.2013); *see, e.g., Costella v. Clark*, No. 11–15896, —— Fed.Appx. ——, ——, 2013 WL 873623, *1 (9th Cir. Mar. 11, 2013) (Trott, Rawlinson, D.J.) ("The ... determination that Costella's trial counsel did not render ineffective assistance of counsel by failing to contact Costella's ex-girlfriends or otherwise investigate the victim's credibility was not unreasonable. Costella failed to demonstrate that clearly established precedent *from the United States Supreme Court* required Costella's

trial counsel, in a non-capital case, to contact witnesses against Costella's wishes.").

Petitioner has not even identified any Ninth Circuit precedent suggesting that his right to the effective assistance of counsel was violated by his trial counsel's failure to demand an evidentiary hearing on the sentencing-entrapment claim. Nor has the Court located any such precedent. On the contrary, in our Circuit, a published appellate decision reflects the view that even if a defendant's prior criminal history includes the distribution of only smaller quantities of an illegal drug, that does not necessarily support a claim that his later distribution (or possession with the intent to distribute) of a larger quantity of that drug must have been the product of sentencing entrapment. *See United States v. Biao Huang*, 687 F.3d 1197, 1203–04 (9th Cir.2012) (rejecting a sentencing-entrapment claim on direct appeal, the panel reasoned that notwithstanding the fact that "the only other methamphetamine sales Huang is known to have made involved small quantities" and "the undercover agent, not Huang ..., initiated the 900–gram sale and pursued it through a series of calls," "Huang ... showed only enthusiasm and wherewithal once the agent suggested the larger deal" and he "introduced no evidence that the smaller sales he was caught making were typical"), *pet. cert. filed*, —— U.S.L.W. —— (U.S. Dec. 18, 2012) (No. 12–9003); *cf. United States v. Espinoza*, 227 Fed.Appx. 546, 546–47 (9th Cir.2007) (Pregerson, Hall, Hawkins) ("The record shows the government did nothing to encourage or coerce Ledesma into doing a larger deal, other than simply requesting a larger quantity of methamphetamine, which Ledesma readily agreed to provide.").

**█ Second, in order to show ineffective assistance of counsel based on trial counsel's failure to call a witness—**

or in this case to demand an evidentiary hearing where he could call that witness—a criminal defendant must show, *inter alia*, what the testimony of the witness would have been, *see United States v. Berry*, 814 F.2d 1406, 1409 (9th Cir.1987). Such evidence typically will be in the form of an affidavit or deposition testimony from the potential witnesses. *See United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir.1984) (affirming denial of ineffective-assistance claim premised inter alia on failure to interview additional government and defense witnesses, stating, "the appellants have not made a sufficient factual showing ...; they have not produced affidavits or sworn statements from any of the witnesses or from counsel."). Petitioner has failed to present any such affidavit from the federal agents or from informant Alexandridis. *See Dows v. Wood*, 211 F.3d 480, 486 (9th Cir.2000) ("other than ... [petitioner's] self-serving affidavit", petitioner provided "no evidence that th[ese] witness[es] would have provided helpful testimony for the defense—i.e., [petitioner] has not presented an affidavit from th[ese] alleged witness[es]."); *accord Gray v. Epps*, 616 F.3d 436, 443 (5th Cir. 2010) ("[T]his Court is loathe to accept the self-serving statement of habeas counsel as evidence that other persons were willing and able to testify" at trial), *cert. denied*, — U.S. ——, 131 S.Ct. 1785, 179 L.Ed.2d 657 (2011).

■ If petitioner had presented such affidavits, his claim that trial counsel rendered IAC by failing to demand an opportunity for those witnesses to testify at an evidentiary hearing might deserve further scrutiny. In *Amirkhanyan v. Holder*, No. 11–71835, 2013 WL 542652 (9th Cir. Feb. 14, 2013) (Fernandez, Tashima, Wardlaw), for example, appellants filed a motion before the BIA to reopen immigration proceedings on the ground that their counsel had rendered ineffective assistance. The BIA denied the motion to reopen, and the Ninth Circuit held that the BIA thereby abused its discretion because the appellants had established that "they advised their attorney of available corroborating evidence but the attorney failed to introduce such evidence, and these failures might have affected the agency's adverse credibility finding." *Id.* at *1. Significantly, the panel held specifically that the BIA abused its discretion by *"fail[ing] to mention the highly probative affidavits of the two witnesses who would have testified in support of petitioners' claim...."* *Id.* (emphasis added).

Absent such affidavits or similar evidence, however, petitioner is left with mere speculation that his trial counsel's "failure" to demand an evidentiary hearing deprived him of any testimony tending to establish the elements of sentencing entrapment. As a Ninth Circuit panel stated in affirming the denial of a habeas petitioner's ineffective-assistance claim,

> Even if the court assumes that counsel's failure to object to [a person]'s exclusion from the ... hearing constituted deficient performance, [petitioner] has not shown that he was prejudiced as a result. [Petitioner] has not provided any evidence through affidavits or deposition testimony that his brothers or his wife would have testified to the falsity of these claims. Rather, [he] has only provided his own self-serving deposition testimony without any corroborating evidence.

*Culley v. Lampert*, 132 Fed.Appx. 164, 165 (9th Cir.2005) (Hug, Tashima, Clifton). In the same vein, this Court recently stated, in holding that it was not unreasonable for the California Court of Appeal to deny a habeas petitioner's claim that trial counsel rendered IAC by failing to call certain witnesses, "absent declarations from [those witnesses], there is no evidence that they would have testified at Petitioner's trial in the manner set forth in his declaration."

*Williams v. Harrington*, 2010 WL 5127666, *4 (C.D.Cal. Dec. 8, 2010) (Valerie Baker Fairbank, J.). *See also United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir.1984) (affirming denial of IAC claim premised inter alia on failure to interview additional government and defense witnesses, stating, "the appellants have not made a sufficient factual showing [as to what the additional witnesses would have testified] …; they have not produced affidavits or sworn statements from any of the witnesses or from counsel."); *Barber v. Barnes*, 2012 WL 6623680, *26–27 (C.D.Cal. Nov. 19, 2012) (Abrams, M.J.) (holding that California Supreme Court committed no AEDPA error in determining that trial counsel did not render ineffective assistance by failing to investigate witnesses Pluta and Ghasiri, court remarked, "petitioner has not … presented affidavits from them demonstrating that they would have given testimony to the effect that petitioner claims."), *R & R adopted*, 2012 WL 6616473 (C.D.Cal. Dec. 16, 2012) (Tucker, J.), *app. dismissed*, No. 12–57328 (9th Cir. Feb. 22, 2013); *Nguyen v. Horel*, 2008 WL 4829927, *25 (C.D.Cal. Oct. 31, 2008) ("Petitioner's mere speculation that Norodum may have had information that would have benefitted his defense is insufficient.… [A]bsent any indication of what Norodum would have testified to, Petitioner has not shown that he was prejudiced by trial counsels' [sic] failure to interview her, or call her as a witness."). *Accord Malone v. United States*, No. 8:12–cv–1495 and No. 8:08–cr–381, 2013 WL 828594, *4 (M.D.Fla. Mar. 6, 2013) ("Petitioner has not … submitted to this Court any sworn affidavits containing testimony that these witnesses would have given" and "[m]ere speculation that missing witnesses would have been helpful is insufficient to meet the [habeas] petitioner's burden of proof" on an IAC claim) (citations omitted); *Tili v. Stainer*, 2012 WL 6044834, *9 (N.D.Cal. Dec. 5, 2012) (Jeffrey Whyte, J.) ("Plaintiff has not met his burden of affirmatively showing prejudice from defense counsels' failure to call additional jurors. Petitioner does not offer evidence, *such as affidavits from additional jurors*, indicating that … their testimony would have been helpful at the post-tr[ia]l hearing.") (emphasis added); *Johnson v. Runnels*, 2010 WL 5279944, *8 (E.D.Cal. Dec. 14, 2010) ("The court has no way of knowing whether these three people would have testified as petitioner claims they would have in his self-serving declaration.… [T]his claim of ineffective assistance … is without merit.").[7]

 **In any event, any federal-law error in defense counsel's "failure" to demand an evidentiary hearing on petitioner's sentencing-entrapment claim would be harmless error, because the Court imposed a non–Guideline sentence anyway.[8]** Petitioner proffers no ac-

---

7. *Cf. Stanley*, 633 F.3d at 862 ("Counsel's failure to move for a competency hearing violates the defendant's right to effective assistance of counsel when 'there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency, and there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered.'") (quoting *Jermyn v. Horn*, 266 F.3d 257, 283 (3d Cir.2001)); *United States v. Bickle*, 2011 WL 1098969, *4 (D.Nev. Mar. 22, 2011) (Leen, M.J.) ("He has made only a conclusory allegation that '[t]he informant in this case may have information relevant to … sentencing entrapment.' His mere suspicion that the CI [confidential informant] may have information concerning an entrapment defense is insufficient to establish a 'minimal threshold showing that disclosure would be relevant to one['s] defense' to justify an *in camera* hearing").

8. The sentence which this Court imposed on petitioner does not reflect a "departure" as that term is properly understood in the post-*Booker* advisory-Guideline era. As the Ninth Circuit has explained, "[t]he old departure

tual evidence, and provides no basis for concluding, that such a hearing posed a reasonable probability of him getting a shorter term of imprisonment than this Court's relatively lenient non-Guideline sentence already afforded him. *See United States v. Velasquez–Lopez*, No. 11–10130, 2013 WL 646843, *2 (9th Cir. Feb. 22, 2013) (Farris, Thomas, N.R. Smith) (stating, on direct appeal, "the district court already departed downward from the [Guideline-recommended] sentencing range, giving [defendant] the equivalent of the sentencing entrapment remedy, so any error that may have occurred in the district court's sentencing entrapment analysis was harmless.") (citing *United States v. Parrilla*, 114 F.3d 124, 127 (9th Cir.1997)); *United States v. Huqueriza*, 357 Fed. Appx. 115, 117 (9th Cir.2009) (Goodwin, W. Fletcher, D.J. Richard Mills) (even if petitioner's trial counsel performed deficiently by failing to raise a particular objection at sentencing, he could not show *Strickland* prejudice because "[b]ased on her own statements, the judge likely would have imposed the same sentence of 63 months imprisonment, which was nearly three years below the bottom of the applicable Sentencing Guidelines range."). *Cf. United States v. Yossunthorn*, Nos. 97–50096 and 97–50099, 168 F.3d 504, 1999 WL 68626, *5 (9th Cir. Feb. 11, 1999) (Canby, Thomas, D.J. Schwarzer) ("Mekvichitsang challenges the court's imposition of a two-level upward adjustment based on his role in the offense pursuant to ... U.S.S.G.... § 3B1.1(c).... This claim is moot because ... he was ultimately sentenced un-

der 21 U.S.C. § 841(b) rather than the Guidelines.").

In short, petitioner has not met the "highly demanding" *Strickland* standard, *see Kimmelman v. Morrison*, 477 U.S. 365, 386, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986), on either of his ineffective assistance of counsel claims, and he is not entitled to section 2255 habeas corpus relief.

## PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin*, —— U.S. ——, 133 S.Ct. 1017, 1030, 185 L.Ed.2d 1 (2013) (No. 11–1347) (Ginsburg, J., joined by Scalia & Breyer, JJ., concurring), and "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant", Rule 11(a) of the Rules Governing Section 2254 Cases.

■■■ A COA may issue only if " 'the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.' " *In re Marciano*, 708 F.3d 1123, 1133 (9th Cir.2013) (Graber, J., joined by Hurwitz, J., with Ikuta, J., dissenting on other grounds) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). On the first claim in the instant petition, reasonable jurists would not find it debatable

scheme is relevant today only insofar as factors that might have supported (or not supported) a departure may tend to show that a non-guidelines sentence is (or is not) reasonable." *United States v. Tankersley*, 537 F.3d 1100, 1113 (9th Cir.2008). The term "variance," on the other hand, is still used in the post-*Booker*, advisory-Guidelines era. *See*

*United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) ("For a non-Guidelines sentence, we are to 'give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.' ") (quoting *Gall v. United States*, 552 U.S. 38, 50, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)).

whether petitioner's trial counsel caused *Strickland* prejudice by failing to demand an evidentiary hearing on the alleged sentencing entrapment. On the second claim, reasonable jurists would not find it debatable whether petitioner's trial counsel caused *Strickland* prejudice by failing to contest the assignment of excessive criminal history points to suspended-sentence convictions. In short, the questions raised by petitioner's claims are not " 'adequate to deserve encouragement to proceed further.' " *Jennings v. Baker,* No. 10–16012, —— Fed.Appx. ——, ——, 2013 WL 830610, *1 (9th Cir. Mar. 7, 2013) (D.W. Nelson, Murguia, Christen) (quoting, *inter alia, Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).

## ORDER

Douglas Martin Korn's 28 U.S.C. § 2255 petition for a writ of habeas corpus is **DENIED.**

The Court **DECLINES** to issue a certificate of appealability.

The separate Judgment required by FED. R. CIV. P. 58 is being contemporaneously issued.

This is a final order, *see* 28 U.S.C. § 2255(d), but it will not be appealable unless petitioner obtains a certificate of appealability from the United States Court of Appeals for the Ninth Circuit. *See Muth v. Fondren,* 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied,* —— U.S. ——, 133 S.Ct. 292, 184 L.Ed.2d 172 (2012).[9]

---

**9.** If the Court of Appeals issues a COA, it will review the overall denial of the petition *de novo, see United States v. Zimmerman,* 2012 WL 5854466, *1 (9th Cir. Nov. 16, 2012) (Farris, Noonan, Bybee) (citing *United States v. Gamba,* 541 F.3d 895, 898 (9th Cir.2008)), but will review factual findings only for clear error, *see United States v. Aguirre–Ganceda,* 592 F.3d 1043, 1045 (9th Cir.2010).